United States District Court
Southern District of Texas

**ENTERED**
June 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM MITCHELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00181 |
| | § | |
| WARDEN LUNA, ET AL., | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER ADOPTING MEMORANDUM AND RECOMMENDATION</u>

Before the Court is Respondent's motion for summary judgment. D.E. 20. On April 2, 2026, United States Magistrate Judge Mitchel Neurock issued his Memorandum and Recommendation (M&R), recommending that the Court grant the motion, deny Petitioner William Mitchell's habeas corpus petition, and dismiss this action. D.E. 29. The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Petitioner timely filed his objections with the Court.[1] D.E. 33.

---

[1] Parties usually have fourteen days to file objections to an M&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). However, the M&R was served on Petitioner by mail, so Petitioner had an additional three days to object. *See Rangel v. ASLM II*, No. EP-24-CV-00436-DCG, 2025 WL 2731841, at *2 (W.D. Tex. Sept. 25, 2025) (citing Fed. R. Civ. P. 6(d)). Additionally, under the prison mailbox rule, a pro se prisoner's objections to an M&R are "deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the prison mailbox rule to filing objections to an M&R). The envelope containing Petitioner's objections was postmarked on April 17, 2026. The objections are thus deemed timely filed within seventeen days from the day the M&R was mailed to Petitioner. *See* Fed. R. Civ. P. 5(b)(2)(C); D.E. 33.

1 / 5

**STANDARD OF REVIEW**

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.* After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

**DISCUSSION**

Petitioner raises five objections. First, Petitioner repeats his previous argument that the Disciplinary Hearing Officer improperly sanctioned him by using the wrong sanction. D.E. 33, p. 1. He points to BOP Policy 5270.09,[2] an excerpt of which he attached to his objections. *Id.* at pp. 4-8. He claims that Sanction B, under 28 C.F.R. § 541.3, is not permitted for an inmate sentenced on or after November 1, 1987. BOP Policy 5270.09 states:

> Sanction B does not apply to inmates committed under the Comprehensive
> Crime Control Act for crimes committed on or after November 1, 1987, and

---

[2]  U.S. Dep't of Justice, Fed. Bureau of Prisons, Policy No. 5270.09, Inmate Discipline Program, incorporating Change Notice 1 (Nov. 18, 2020), https://www.bop.gov/policy/progstat/5270_009_cn_1.pdf ("BOP Policy 5270.09").

prior to passage of the Violent Crime Control and Law Enforcement Act of 1994 (September 23, 1994). For those inmates, the applicable sanction is B.1.

BOP Policy 5270.2, p. 14.

The Magistrate Judge correctly explained that Petitioner misinterprets this paragraph. D.E. 29, p. 14. This paragraph sets out a range of dates of criminal conduct—from November 1, 1987, to September 23, 1994—for which Sanction B does not apply. Because Petitioner's criminal conduct occurred in 2016—well outside of that range—Sanction B does apply to him, and the forfeiture of 283 days was proper. Accordingly, Petitioner's first objection is **OVERRULED**.

Second, Petitioner objects to the "magistrate litigating for government" and that the Magistrate Judge did not permit Respondent to file a reply. D.E. 33, p. 1. It is unclear what Petitioner means in this objection. The Magistrate Judge followed the proper procedure for dispositive matters under Rule 72. Fed. R. Civ. P. 72(b). And Respondent did not attempt to file a reply. The objection is **OVERRULED** because it fails to point out a specific error in the M&R and its apparent complaint is not supported by the record.

Third, Petitioner objects that the Magistrate Judge should not be allowed to issue a memorandum and recommendation without reading and understanding Petitioner's argument. *Id.* at p. 2. This objection likewise fails to point out a specific error in the Magistrate Judge's analysis. Moreover, it is evident from the Court's review of the M&R that the Magistrate Judge fully comprehended Petitioner's argument and rejected it, as explained above. Therefore, the objection is **OVERRULED**.

Fourth, Petitioner again objects that his sanction was improper because he was sentenced after November 1, 1987, as a "new law" prisoner. This objection is redundant with Petitioner's first objection and, for the same reasons, is **OVERRULED**.

Fifth and finally, Petitioner objects to the Magistrate Judge's recommendation to deny leave to amend. He argues that he would be able to more clearly set forth his claims through amendment. However, Petitioner has failed to point out any alleged error in the Magistrate Judge's analysis in which he found that Petitioner's proposed amendment pursuing the same claims would be futile. And Petitioner's request for leave to amend—without explaining other specific amendments sought—fails to state a proper objection. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). The objection is therefore **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Petitioner's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 29). The Court **GRANTS** Respondent's motion for summary judgment (D.E. 20). Further, Petitioner's petition for writ of habeas corpus and his construed motion for leave to amend are both **DENIED**, and all other pending

motions in this action are **TERMINATED** as moot. This action is therefore **DISMISSED** with prejudice.

      **ORDERED** on June 12, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE